UNITED STATES DISTRICT COURT
for the
DISTRICT OF MAINE

| | | |
|---|---|---|
| TD BANK, N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION  NO._____ |
| | ) | |
| WILLIAM R. FRECKER, | ) | |
| | ) | |
| Defendant. | ) | |

## CIVIL ACTION -- COMPLAINT

NOW COMES Plaintiff TD Bank, N.A., by and through its undersigned counsel, DUANE MORRIS LLP, for its Complaint against Defendant William R. Frecker, respectfully shows:

### THE PARTIES

1.      Plaintiff,  TD Bank, N.A.("TD Bank"), is a national banking association existing under the laws of the United States of America. TD Bank's main office, as set forth in its articles of association, is located in Wilmington, Delaware. It has its headquarters and main operation in Cherry Hill, New Jersey.

2.      William R. Frecker ("Defendant")  is an individual whose last known address is  4 Hutchinson Drive, Augusta, County of  Kennebec, State of Maine, 04330.

### JURISDICTION, VENUE AND VICINAGE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by virtue of complete diversity of citizenship, insofar as TD Bank was, and is at the time of the filing of the Complaint, a citizen of the State of Delaware, Defendant is and at the time of the filing of the

Complaint, a citizen of the State of Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district.

5.      Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Bangor Vicinage insofar as the property which is the subject of this action is located in Kennebec County.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Defendant is the owner of certain real property located at 4 Hutchinson Drive, Augusta, Maine 04330 (the "Property") by virtue of a warranty deed from Andrew R. Pelletier, dated June 25, 2009, and recorded in the Kennebec County Registry of Deeds on June 29, 2009 in Book 10129, Page 0107 and a Release Deed recorded on May 6, 2010 in Book 10412, Page 0016..

7.      On June 26, 2009, Defendant executed and delivered to Plaintiff a certain promissory note in the original principal amount of One Hundred Forty-Three Thousand Nine Hundred Dollars ($143,900.00) (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8.      To secure the Note, Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for TD Bank, N.A., a certain mortgage dated June 26, 2009 and recorded in the Kennebec County Registry of Deeds in Book 10129, Page 0109 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

9.      On May 6, 2010, Gary T. Keilty and Ann J. Keilty delivered to Defendant a certain Release Deed (Corrective Deed) (the "Corrective Deed") dated May 6, 2010, and

recorded in the Kennebec County Registry of Deeds in Book 10412, Page 0016 to correct the

legal description that inadvertently omitted two small parcels of land from the deed from Gary T.

Keilty and Ann J. Keilty to James E. Bradstreet, Jr. and Constance A. Bradstreet, recorded in the

Kennebec County Registry of Deeds in Book 1455, Page 132.

## COUNT I- REFORMATION OF MORTGAGE

10.     Plaintiff repeats and re-alleges the allegations stated above in Paragraphs 1

through 9 as stated herein in full.

11.     The Mortgage Exhibit A Legal Description (the "Mortgage Legal Description")

references certain property described as Lots numbered 49 and the easterly half of Lot 48

according to Plan of Pine Acres. The Mortgage Legal Description is attached hereto as Exhibit

C.

12.      Pursuant to the Corrective Deed, Defendant acquired certain property abutting

the property described in the Mortgage. However, the two parcels described in the Corrective

Deed were inadvertently omitted from a deed to Defendant's predecessors in title. The

Corrective Deed is attached hereto as Exhibit D.

13.     The correct reference of the Property located on Hutchinson Drive, is and was at

all relevant times, was intended to include the two omitted parcels. The intended legal

description (the "Corrected Legal Description") is attached hereto as Exhibit E

14.     Because the intent of Plaintiff and Defendant was for the Mortgage to encumber

all of Defendant's property, the Mortgage should be reformed to include the real estate described

in the Corrective Deed.

15.     No party would be prejudiced by reforming Exhibit A to the Mortgage to include

Exhibit A to the Corrective Deed.

3

WHEREFORE, Plaintiff, TD BANK, N.A. prays this Honorable Court:

A.     Reform Plaintiff's Mortgage to add the real property described in  the Corrective Deed to the description of the property encumbered by the Mortgage; and

B.     Grant such other and further relief as the Court may determine proper.

## COUNT II – FORECLOSURE BY CIVIL ACTION

16.     Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 14 as stated herein in full.

17.     To further secure the Note,  Defendant executed and delivered to Plaintiff a Loan Modification Agreement dated January 28, 2010 and recorded in the Kennebec County Registry of Deeds in Book 10337, Page 0008 (the "Loan Modification"). A copy of the Loan Modification is attached hereto as Exhibit F.

18.     Plaintiff is in possession of the original Note.

19.     On November 8, 2012, an Assignment of Mortgage was executed from MERS to TD Bank, N.A and recorded in the Kennebec County Registry of Deeds in Book 11223, Page 0266. A copy of the Assignment of Mortgage is attached hereto and made of hereof as Exhibit G.

20.     Plaintiff is entitled to collect the debt evidenced by the Note and is the party entitled to enforce the Mortgage.

21.     Defendant has failed to comply with the terms and conditions of the Note and the Mortgage by failing to make the monthly payment due July 1, 2012, and having failed to make all payments due thereafter (the "Default").

22.     In compliance with the Note and Mortgage and/or 14 M.R.S.A. §6111, on September 16, 2015 (the "Default Letter"), TD Bank, N.A. caused a Notice of Right to Cure to

be sent to Defendant by ordinary first class U.S. mail with certificate of mailing. A copy of the Default Letter is attached hereto and made a part hereof as Exhibit H.

23.     To date, Defendant has failed to cure the Default.  Accordingly, there is now due and owing to Plaintiff the outstanding principal balance under the Note and Mortgage, including accrued interest, late charges and applicable fees through September 16, 2015, the sum of $171,159.76.

24.     In order to protect its security interest, Plaintiff likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments, insurance premiums, and other charges affecting the Property, or some part thereof, and Plaintiff requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

25.     By virtue of Defendant's breach of the terms of the Note and Mortgage, TD Bank, is entitled to: (i) judgment in its favor and against Defendant in the amount of $171,159.76, together with interest from September 16, 2015, at the rate of $16.665900 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, TD Bank prays that this Honorable Court:

A.     Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of the Defendant, and every person whose conveyance or

encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the  Kennebec County Registry of Deeds.

B.     Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

C.     Enter judgment in favor of TD Bank and against Defendant in the amount of $171,159.76 together with interest from September 16, 2015, at the rate of  $16.665900 per diem to the date of judgment, and other costs and charges collectible under the Note and Mortgage;

D.     Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

E.     Enter an Order allowing Plaintiff to be paid the amount adjudged to be due Plaintiff, with  interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale (this prayer is void for any Defendant that did not execute the Note or Guaranty and for any Defendant who has been granted discharge in bankruptcy);

F.     Enter an Order that Defendant is liable for any deficiency balance remaining due TD Bank after the sale of the Property and application of the proceeds of the sale;

G.     Enter an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

H.     Grant Plaintiff such other relief as the Court may determine to be just and equitable.

Dated: February 5, 2016                Respectfully submitted,

DUANE MORRIS LLP

 /s/ Brett Messinger      

By:     Brett Messinger
          Lauren Thomas
2 Monument Square, Suite 505
Portland, Maine 04101
blmessinger@duanemorris.com
lthomas@duanemorris.com
(215) 979-1508/1698
Attorneys for Plaintiff