UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TD BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00066-JAW |
| | ) | |
| WILLIAM R. FRECKER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO ENLARGE TIME TO RECORD CLERK'S CERTIFICATE OF FORECLOSURE PURSUANT TO 14 M.R.S. § 6321**

On February 5, 2016, TD Bank, N.A. (TD Bank) filed a complaint for foreclosure against William R. Frecker, the owner of real property at 4 Hutchinson Drive, Augusta, Maine upon which TD Bank held a mortgage. *Civil Action—Compl.* ¶¶ 6, 8, 19 (ECF No. 1) (*Compl.*). TD Bank alleged that Mr. Frecker had failed to comply with the terms and conditions of a promissory note secured by the mortgage and was in default. *Id.* ¶ 21. TD Bank was seeking to foreclose the mortgage pursuant to 14 M.R.S. §§ 6322, 6323. *Id.* ¶ 25. TD Bank duly served a copy of the summons and complaint upon Mr. Frecker on March 1, 2016. *Aff. of Service* (ECF No. 5). Mr. Frecker failed to respond or otherwise defend against the foreclosure complaint, and on March 28, 2016, the Clerk of Court entered a default against him. *Order Granting Mot. for Entry of Default* (ECF No. 9).

On April 28, 2016, TD Bank moved for default judgment against Mr. Frecker. *Def. TD Bank N.A.'s Mot. for Default J. Under Rule 55(b)* (ECF No. 10) (*Pl.'s Mot. for*

*Default J.*).[1]  On April 29, 2016, the Court granted the motion for default judgment. *Order Entering Default J.* (ECF No. 11).

On June 27, 2016, TD Bank moved to enlarge the time within which to record the clerk's certificate of foreclosure pursuant to 14 M.R.S. § 6321.  *Pl. TD Bank, N.A.'s Mot. to Enlarge Time to Record Clerk's Cert. of Foreclosure Pursuant to 14 M.R.S.[] § 6321* (ECF No. 13).  TD Bank conceded that under Maine law, it was required to file either "a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded . . . ."  *Id.* at 1 (quoting 14 M.R.S. § 6321).  It also acknowledged that it failed to comply with this statutory requirement because it "[u]nderst[ood] this provision to be strictly procedural and thus inapplicable to a foreclosure action filed in the U.S. District Court of the District of Maine . . . ."  *Id.* at 1-2.  It now requests (1) that the Court issue an order extending the sixty-day period under 14 M.R.S. § 6321 to July 27, 2016 and (2) that the Clerk sign and seal the contemporaneously filed Clerk's Certificate of Foreclosure attached to its motion.  *Id.* at 2.

The Court agrees with TD Bank that its failure to file notice of the foreclosure complaint in the applicable registry of deeds is not fatal to its foreclosure.  14 M.R.S. § 6321 ("The failure to provide the notice required by this section does not affect the validity of the foreclosure sale").  However, the manifest purpose of the notice requirement is to allow parties in interest as defined in the statute to seek to protect their interests.  *See id.* (defining "parties in interest" to include "mortgagors, holders

---

[1]  Plaintiff, T.D. Bank, N.A., erroneously title this motion as if it is the Defendant in this action.  The Court's shorthand for the motion acknowledges that it is in fact the Plaintiff.

of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors all as reflected by the indices in the registry of deeds . . . through the time of the recording of the complaint or clerk's certificate"). When TD Bank filed its foreclosure complaint on February 5, 2016, it listed no such parties in interest, *Compl.* at 1, and when TD Bank filed its motion for default judgment on April 28, 2016, it was careful to supply the affidavit of Brett Messinger, Attorney for TD Bank, confirming that as of April 28, 2016, "no party besides Plaintiff has an interest in the subject premises, located at 4 Hutchinson Drive, Augusta, Maine 04330" and attaching a copy of the title report. *Pl.'s Mot. for Default J.* Attach. 2 *Aff. of Brett L. Messinger in Supp. of TD Bank, N.A.'s Mot. for Default J. Under Rule 55(b)* (ECF No. 10); *id.* Ex. 1 *Mortgage Foreclosure Report*, at 7-14.

Before issuing the requested relief, the Court will require TD Bank to update its title report to confirm that there are still no parties in interest in the subject property who were deprived of the opportunity to protect their interests as a consequence of TD Bank's failure to comply with the notice requirements of the statute.

The Court ORDERS TD Bank, N.A. to update forthwith the Affidavit of Brett L. Messinger concerning the existence of any parties in interest reflected in the indices of the applicable registry of deeds between April 28, 2016 and the date of the filing of the updated affidavit. On the same date that TD Bank, N.A. files the updated affidavit, the Court ORDERS it to file either "a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the

mortgage deed is or by law ought to be recorded." 14 M.R.S. § 6321.  This is to prevent a gap during which other parties of interest, without notice of the foreclosure, could come into being.

Upon TD Bank's fulfillment with these requirements,  the Court will address Plaintiff T.D. Bank, N.A.'s Motion to Enlarge Time to Record Clerk's Certificate of Foreclosure Pursuant to 14 M.R.S. § 6321 (ECF No. 13).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016