UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TD BANK, N.A., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00066-JAW |
| | ) | |
| WILLIAM R. FRECKER, | ) | |
| | ) | |
|     Defendant. | ) | |

**FURTHER ORDER ON MOTION TO ENLARGE TIME TO RECORD CLERK'S CERTIFICATE OF FORECLOSURE PURSUANT TO 14 M.R.S. § 6321**

On February 5, 2016, TD Bank, N.A. (TD Bank) filed a complaint for foreclosure against William R. Frecker, the owner of real property at 4 Hutchinson Drive, Augusta, Maine upon which TD Bank held a mortgage. *Civil Action—Compl.* ¶¶ 6, 8, 19 (ECF No. 1) (*Compl.*). TD Bank alleged that Mr. Frecker had failed to comply with the terms and conditions of a promissory note secured by the mortgage and was in default. *Id.* ¶ 21. TD Bank was seeking to foreclose the mortgage pursuant to 14 M.R.S. §§ 6322, 6323. *Id.* ¶ 25. TD Bank duly served a copy of the summons and complaint upon Mr. Frecker on March 1, 2016. *Aff. of Service* (ECF No. 5). Mr. Frecker failed to respond or otherwise defend against the foreclosure complaint, and on March 28, 2016, the Clerk of Court entered a default against him. *Order Granting Mot. for Entry of Default* (ECF No. 9).

On April 28, 2016, TD Bank moved for default judgment against Mr. Frecker. *Def. TD Bank N.A.'s Mot. for Default J. Under Rule 55(b)* (ECF No. 10) (*Pl.'s Mot. for*

*Default J.*).[1]  On April 29, 2016, the Court granted the motion for default judgment. *Order Entering Default J.* (ECF No. 11).

On June 27, 2016, TD Bank moved to enlarge the time within which to record the clerk's certificate of foreclosure pursuant to 14 M.R.S. § 6321. *Pl. TD Bank, N.A.'s Mot. to Enlarge Time to Record Clerk's Cert. of Foreclosure Pursuant to 14 M.R.S.[] § 6321* (ECF No. 13).  TD Bank conceded that under Maine law, it was required to file either "a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded . . . ." *Id.* at 1 (quoting 14 M.R.S. § 6321).  It also acknowledged that it failed to comply with this statutory requirement because it "[u]nderst[ood] this provision to be strictly procedural and thus inapplicable to a foreclosure action filed in the U.S. District Court of the District of Maine . . . ." *Id.* at 1-2.  It now requests (1) that the Court issue an order extending the sixty-day period under 14 M.R.S. § 6321 to July 27, 2016 and (2) that the Clerk sign and seal the contemporaneously filed Clerk's Certificate of Foreclosure attached to its motion. *Id.* at 2.

The Court agrees with TD Bank that its failure to file notice of the foreclosure complaint in the applicable registry of deeds is not fatal to its foreclosure.  14 M.R.S. § 6321 ("The failure to provide the notice required by this section does not affect the validity of the foreclosure sale").  On July 6, 2016, the Court ordered TD Bank to file an updated affidavit with this Court confirming the status of any interested parties and a copy of the complaint or a clerk's certificate of the filing of the complaint in each

---

[1]     Plaintiff, T.D. Bank, N.A., erroneously title this motion as if it is the Defendant in this action. The Court's shorthand for the motion acknowledges that it is in fact the Plaintiff.

registry of deeds in with the mortgage deed is or by law ought to be recorded in accordance with 14 M.R.S. § 6321.

On August 2, 2016, TD Bank filed an affidavit of Brett L. Messinger in support of its motion to enlarge time to record the Clerk's Certificate. *Aff. of Brett L. Messinger in Support of TD Bank, N.A.'s Mot. to Enlarge Time to Record Clerk's Cert. of Foreclosure Pursuant to 14 M.R.S. § 6321* (ECF No. 15). Attorney Messinger confirms that having caused to have the records of the Kennebec County Registry of Deeds examined through August 1, 2016, "no party besides Plaintiff has an interest in the subject premises, located at 4 Hutchinson Drive, Augusta, Maine 04330." *Id.* at 2. He also confirmed that he has "caused to be recorded in the Kennebec County Registry of Deeds the Complaint for Foreclosure in this action." *Id.* Upon review of Attorney Messinger's affidavit, the Court concludes that TD Bank has fully complied with the Court Order dated July 6, 2016.

The Court therefore GRANTS Plaintiff T.D. Bank, N.A.'s Motion to Enlarge Time to Record Clerk's Certificate of Foreclosure Pursuant to 14 M.R.S. § 6321 (ECF No. 13).[2]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2016

---

[2] The Court assumes that TD Bank's earlier request for a Clerk's Certificate of Foreclosure has been obviated by its August 2, 2016 filing of the Foreclosure Complaint. If this is incorrect and TD Bank seeks further relief, it may file an appropriate motion for reconsideration.